UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GERALD JEROME HAYES, JR.,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:20-CV-716-RLM-MGG |

OPINION AND ORDER

Gerald Jerome Hayes, Jr., a prisoner without a lawyer, filed a habeas corpus petition under 28 U.S.C. § 2254 seeking to challenge the August 2019 decision of the Indiana Parole Board not to grant him parole. He also moves for leave to proceed *in forma pauperis,* and the court grants that motion (ECF 2.).

The court must conduct a preliminary review and dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Section 2254 Habeas Corpus Rule 4. The petition and attachments reflect that in 2007, Mr. Hayes was convicted of escape and found to be a habitual offender and was sentenced to 20 years in prison. He was paroled in 2015, but his parole was revoked in 2016 after he had several positive drug tests and was found to have otherwise failed to comply with the terms of his parole. In August 2019, the Parole Board denied his request to be reinstated to paroled status. He seeks to challenge the Parole Board's August 2019 decision, arguing that it was unfair and based on misinformation. He requests that he be immediately released from custody.

A district court to issue a writ of habeas corpus on behalf of a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Mr. Hayes can't satisfy this threshold requirement, because there is no provision of the U.S. Constitution, or any federal law or treaty, providing that an individual is entitled to be released on parole. Nor has Indiana created a protected due process liberty interest in parole under its statutory scheme. *See* Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 11–12 (1979); Huggins v. Isenbarger, 798 F.2d 203, 206 (7th Cir. 1986). The court can't grant Mr. Hayes federal habeas relief in connection with the Parole Board's decision to deny him parole.

Under Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability, the petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court finds no basis to conclude that this standard is satisfied here.

For these reasons, the court:

(1) GRANTS the motion to proceed *in forma pauperis* (ECF 2) and WAIVES the $5.00 filing fee;

(2) DISMISSES the petition (ECF 1);

(3) DENIES the petitioner a certificate of appealability; and

(4) DIRECTS the clerk to close this case.

SO ORDERED.

Dated: <u>August 26, 2020</u>    <u>*s/* Robert L. Miller, Jr.</u>
Judge, United States District Court

3